# BERWIND-WHITE COAL MINING COMPANY
## *v.*
# BORINQUEN SUGAR COMPANY.

---

San Juan, Equity, No. 897.

ON PETITION OF CERTAIN BONDHOLDERS TO VACATE DECREE OF FORE-CLOSURE RENDERED MAY 13, 1914.

Equity—Orders of Previous Terms.
    1. Where a cause has been in court for several terms and is tried upon the merits, points which could have been raised by demurrer

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

will be disregarded and treated as waived by failure to assert them sooner.

Practice—Special Appearance.

2. A special appearance can be made by a defendant who claims to have been irregularly served, and who wishes to set up certain defects. It cannot be made by parties who are not defendants in any sense.

Practice—Outside Parties.

3. A person who is not a formal party to a suit, and does not wish to become such, cannot set up alleged defects in the proceeding. If he is not a party, he is not affected by the result, and has no right to appear.

Practice—Intervention.

4. If persons having interest wish to appear in a suit, it must be by a petition, and upon a proper showing they will be admitted.

Practice—Making Parties.

5. Until an application is made by a person desiring to be made a party, the court will not pass upon the proper method of securing this result.

Opinion filed July 16, 1914.

--------

*Messrs. Savage & Francis, Chase Ulman,* and *José Guzman Benitez* for petitioners.

*Messrs. Alvarez, Nava, & Dominguez* for defendant company.

Mr. R. B. Fraser for complainant and the West India Oil Company.

HAMILTON, Judge, delivered the following opinion:

This is an application by some first and second mortgage bondholders, joined in by the trustee for the second mortgage,

stating that they appear for the special purpose only that is set out in the petition. And they state upon the argument that they do not make themselves parties to the suit in any technical sense of the word. The question comes up, Can this be done?

1. In the first place, to prevent any misconception, the court would say that as to all the preceding steps in this case it is not disposed to review them at the request of any person or any party after this length of time. The suit has been in progress for the past two years, and, whether the bill contained equity at the time or not, the court has taken jurisdiction, holds the property, and has to administer it. It could not avoid the duty if it wished. So that any questions which could have been raised by a demurrer will not be considered now. It seems that an orderly procedure in any case would require such a rule.

2. In the second place, can the persons who have been represented here this morning take any steps in the case at all? It is unquestionably true that there can be a special appearance in a case, but so far as the court is advised this is only where a defendant has been regularly served, or irregularly served, where an attempt has been made to make him a party, and he thereupon, being mentioned as a party in the papers, is allowed to appear specially and set up certain defects in the service and the title. That is not this case. These persons have not been made defendants at all, and do not wish to be. In fact, that is one of the points mentioned by them; so that this is not a case for a special appearance.

3. In the next place, the question comes up, Can an outsider, —when I say outsider I mean one who is not technically a

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

party,—can he, because he conceives that he has some legal rights which are affected by the proceeding, appear specially to call the court's attention to defects which may or may not have occurred in the proceedings? That is the exact question in this case. Petitioner says that the court has erred in certain things, and, of course, it goes without saying that the court is always ready to correct an error when it is pointed out by a person who has a right to point it out, but petitioner says that he is not bound by the desired decision one way or the other. If it is to his advantage, well and good,—he gets the benefit of it. If the court does not decide the way he contends, he is not bound. Unless some authority is cited which has not been cited, the court does not see how it can permit a third person, an outsider,—the word is used without any reflection whatever,—to come in and take such a course. It often happens that a lawsuit will affect other people than those who are parties to the suit. A principle may be decided that will affect business interests or landowners in many cases, but that does not give them the right to come in and become *amici curiæ* and ask the court to take some other step. If that was so, there would be no end to a suit. There is no way of telling in advance how many people are affected by a principle which is involved in a suit. The court will have to hold that, under the petition as presented, Mr. Ulman and the others have no standing in court, and cannot urge anything in the matter.

4. The next point would be that this ruling will cause no injustice whatever. Mr. Ulman and whoever the parties may be have a perfect right to make themselves parties to the suit, or at all events to present a petition to be made parties to the suit, and if they have a proper claim, they will be admitted.

VII. Porto Rico—13.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

That is optional with them, and, if admitted, they will be defendants or plaintiffs, as the case may be, and have every right that any party to the case has, and the court would most cheerfully hear them and endeavor to protect them to the extent of its ability.   On the other hand, if they are not parties to the suit, the general principle applies that they are not bound by the result.   Of course, there are some cases of *in rem* proceedings where that would not be true, and I do not pass upon that point one way or the other.   But if they are satisfied that they are not parties to the suit, and are not affected as such by the decrees, the execution of the decrees as to them is simply *res inter alias arta,* and does not affect them one way or the other. So they have the option either to come in and become parties, when they will be fully heard, or to stay out if they are advised that the decrees do not bind them.   In either case there would be no reason for taking the particular step that has been taken in this case.

5. The point whether they could make themselves parties I do not pass upon, or whether it would be necessary for them to file a bill against the parties to this suit, asking certain relief. The mode of procedure the court could not indicate.   But so far as the argument goes this morning, the court is convinced that these gentlemen have no standing in court unless they are made parties, and, while it would be glad to hear them and glad to settle questions, there would be no end to a case if the court heard others than the actual parties to the suit.

It looks to the court as if this is conclusive of the application, and that it must be denied.

It is so ordered.